IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID J. CAMPBELL,<br><br>      Plaintiff,<br><br>  vs.<br><br>CITY OF HILO,<br><br>      Defendant. | CIVIL NO. 11-00223 ACK-RLP<br><br>FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISS COMPLAINT WITHOUT PREJUDICE AND GRANT LEAVE TO AMEND |

FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES, DISMISS COMPLAINT WITHOUT PREJUDICE, AND GRANT LEAVE TO AMEND[1]

Plaintiff David J. Campbell, ("Plaintiff"), proceeding *pro se*, filed a Complaint on April 6, 2011, naming the City of Hilo as Defendant. Additionally, Plaintiff filed an Application to Proceed Without

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Prepayment of Fees ("Application"). Based on the following, the Court recommends that the district court DENY Plaintiff's Application, DISMISS Plaintiff's Complaint without prejudice, and GRANT Plaintiff leave to file an amended complaint.

BACKGROUND

Plaintiff's Complaint contains allegations related to two incidents. First, Plaintiff alleges that on an "unspecified date" he was "illegally incarcerated" and a "false accusation was issued against" him. Plaintiff also alleges that while he was in jail, a Hilo police officer threatened to rape him.

Second, Plaintiff alleges that in a separate incident on unspecified date, he was struck in the face by an unidentified man. Plaintiff claims that he went to a bus terminal and tried to report the incident to the police. However, when the police arrived they told him to leave the bus terminal. Plaintiff alleges that he was later found by fire department personnel and taken to Hilo Medical Center for care.

ANALYSIS

A court may authorize a litigant to proceed without prepayment of fees if the litigant submits an affidavit that includes a statement that the litigant is unable to pay the required fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted). Here, Plaintiff's Application notes that Plaintiff is not currently employed, receives no income or benefits, and has no assets of value.

However, a court may dismiss a complaint and deny an application to proceed without prepayment of fees at the outset if it appears from the face of the complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v.

3

First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).

Additionally, the court may dismiss a complaint for failure to comply with the Federal Rules of Civil Procedure Rule 8. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short and plain statement of the claim" and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

Because Plaintiff is appearing pro se in this action, the Court liberally construes his pleadings. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003). Additionally, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect...a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000).

The Court has reviewed Plaintiff's Complaint and concludes that it fails to state a claim upon which relief may be granted and fails to comply with Rule 8.

**1. Plaintiff's Allegations Regarding Incarceration**

Plaintiff has failed to allege any facts to support his allegations that he was "illegally incarcerated" or that a "false accusation" had been made against him.

A claim for unlawful arrest can provide the basis for relief under 42 U.S.C. § 1983 as a violation of the Fourth Amendment if the arrest is alleged to have been made without probable cause. <u>Dubner v. City & County of San Francisco</u>, 266 F.3d 959, 964 (9th Cir. 2001). However, Plaintiff has not stated such a claim in his Complaint. To state a Fourth Amendment claim under § 1983 for unlawful arrest, a plaintiff must allege facts to demonstrate a lack of probable cause for his arrest. <u>See</u> <u>Cabrera v. City of Huntingdon Park</u>, 159 F.3d 374, 380 (9th Cir. 1998) (citing <u>George v. City of Long Beach</u>, 973 F.2d 706, 710 (9th Cir. 1992)). Probable cause "exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a

fair probability that [the person arrested] had committed a crime." Peng v. Mei Chin Penghu, 335 F.3d 970, 976 (9th Cir. 2003). Plaintiff has failed to allege any facts in support of his conclusory statements that he was "illegally incarcerated." Accordingly, the Court recommends that this claim be dismissed with leave to amend.

**2.  Plaintiff's Allegations Regarding Personal Injury**

Even liberally construing Plaintiff's Complaint, Plaintiff has failed to state a claim for relief against the City of Hilo regarding his personal injury allegations. Based on the allegations in the Complaint, the injury occurred during a physical altercation with an unidentified man. Plaintiff has failed to provide a short and plain statement of the claim showing that he is entitled to relief against the City of Hilo. See Fed. R. Civ. P. 8(a)(2). In order to provide Defendant with fair notice of his claim, Plaintiff must clarify what claim he alleges against the City of Hilo and state the basis for jurisdiction in this court. Accordingly, the Court recommends that

7

Plaintiff's personal injury claim be dismissed with leave to amend.

For these reasons, the Court finds that the Complaint fails to state a claim upon which relief may be granted and fails to comply with FRCP Rule 8. The Court therefore recommends that the Complaint be dismissed. Because the Court recommends dismissal of the Complaint because it fails to state a claim upon which relief may be granted and fails to comply with the applicable federal pleading rules, the Court also recommends that Plaintiff's Application be denied. The Court recommends that Plaintiff be granted leave to file an amended complaint, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation.

Any amended complaint must clearly and plainly state the relief sought and the factual basis demonstrating that Plaintiff is entitled to relief. If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First

Amended Complaint," must be retyped or rewritten on the court-approved form, and may not incorporate any part of the original Complaint by reference.  See LR 10.3.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court:

1) DISMISS the Complaint without prejudice;

2) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation;

3) DENY Plaintiff's Application;

4) GRANT Plaintiff leave to file another Application or to pay the appropriate filing fee no later than thirty days from the district court's adoption of this Findings and Recommendation.

The Court cautions Plaintiff that failure to amend the Complaint and pay the filing fee or file another Application within the time frame specified

above will result in the dismissal of the action. Further, the Court cautions Plaintiff that failure to cure the deficiencies identified above will result in the dismissal of the action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, April 14, 2011



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**CAMPBELL V. CITY OF HILO; CIVIL NO. 11-00223 ACK-RLP; FINDING AND RECOMMENDATION TO DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISS COMPLAINT WITH LEAVE TO AMEND**